## MRS. JIM MITCHELL v. STATE.

No. A-7756.   Opinion Filed Dec. 13, 1930.
(294 Pac. 211.)

R. H. Morgan, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of home brew, containing more than one-half of 1 per cent. alcohol measured by volume, and capable of being used as a beverage, with the intent to barter, sell, give away, or otherwise dispose of the same, and was sentenced to pay

a fine of $100 and be imprisoned in the county jail for a period of 30 days; from which judgment the defendant has appealed.

The testimony on behalf of the state shows that on the day the premises of the defendant and her husband were searched her husband was in the city jail; that some time before the search was made, when it was claimed this defendant was in possession of the home brew in the cellar at her home, a search was made of the defendant's premises, and no intoxicating liquor of any kind was found in the cellar; during the day, while her husband was incarcerated in jail, she was back and forth, and in the evening after the defendant was at the jail to see her husband during the day a search warrant was procured by the officers and the premises searched, and a large quantity of home brew found in the cellar at the home of the defendant and her husband; that an analysis showed that the home brew contained more than one-half of 1 per cent. of alcohol measured by volume.

The defendant denies she knew anything about the home brew in the cellar, and contends that the home brew, after the first search was made, was moved there from the home of Mr. Page by Mr. Page and a woman named Ridley. This is in substance the testimony.

The defendant urges that her conviction was illegal, and has assigned several errors alleged to have been committed by the court in the trial of the case. The sixth assignment is as follows:

"Because the court erred in overruling the plaintiff's motion for a new trial."

This assignment covers all the other errors assigned. The record has been carefully examined, and we fail to find any fundamental or prejudicial errors contained there-

in. The testimony in this case is conflicting; on behalf of the state it shows the defendant was found in possession of the home brew. The defendant denies this statement. This court has many times held that, where there is a conflict in the testimony, if there was any competent testimony which would tend to justify the verdict of the jury, this court would not disturb the verdict.

No fundamental or prejudicial errors appearing in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.